1
2
3
4
5
6

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

7
8

| | |
|---|---|
| NICOLE MCCLURE, | No. |
| Plaintiff, | COMPLAINT |
| v. | (JURY DEMAND) |
| THURSTON COUNTY, THURSTON COUNTY JAIL, WASHINGTON STATE PATROL, JOHN/JANE DOE CORPORATION, a medical services company, | |
| Defendants. | |

Plaintiffs, by and through her attorneys, hereby allege as follows:

**PRELIMINARY STATEMENT**

1.      On March 21, 2022, Plaintiff, Nicole McClure, was involved in a single car collision as a result of a medical emergency.  She was questioned at gunpoint and ultimately arrested by the Washington State Patrol on charges of driving under the

**COMPLAINT FOR DAMAGES- 1**

**Dubin Law Group**
**P.O. Box 30947**
**Seattle, Washington 98113**
**(206) 800-8000 Fax: (206) 973-1783**

influence.  There was no evidence in the vehicle of alcohol or drugs and no smell of alcohol on Nicole.  Despite the lack of evidence of drug or alcohol involvement, Washington State Patrol Troopers transported Nicole to Thurston County Jail, following a blood draw at the Capital Medical Center.  All the while, Nicole was suffering from brain bleed and swelling.  Once in the custody of Thurston County Jail, Nicole was ignored while she progressed through the stages of brain bleed and swelling.  She was left overnight, on the jailhouse floor, unable to stand or control her bodily functions, as the stages progressed.  Guards at Thurston County Jail knew or had reason to know that Nicole had been involved in a car crash and needed medical care and/or immediate medical attention.  Nonetheless they left Nicole alone on the floor, suffering, without critically needed medical attention of any kind.  Both the officers and guards were deliberately indifferent to Nicole's constitutional and civil rights.  This is an action brought pursuant to Federal and State law, for damages arising from the foreseeable and preventable injuries Nicole sustained as a result of the delay in getting her treatment.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction over the plaintiff's civil rights claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343.

3.     Venue is proper in this jurisdiction under 28 U.S.C. § 1391 (b) because all of the events that support the plaintiff's allegations occurred in this judicial district and because the defendants reside in this judicial district.

**COMPLAINT FOR DAMAGES- 2**

**Dubin Law Group**
**P.O. Box 30947**
**Seattle, Washington 98113**
**(206) 800-8000 Fax: (206) 973-1783**

4.      Pursuant to RCW 4.92, Plaintiff properly filed a tort claim form with OES and Thurston County.  More than 60 days have elapsed since the presentation of both claims.

## PARTIES

5.      Plaintiff anticipates that there will be other defendants, not currently known by name, who were contracted with and/or were agents of WSP or Thurston and who are liable in whole or in part for Plaintiff's damages..  Because Plaintiff does not currently know the names of all such corporations, they are identified in this complaint as John/Jane Doe Corporation, and plaintiff may seek to amend this complaint to add them as defendants as discovery and investigation progress.

## III.  FACTS

6.      On the evening of March 21, 2022, Plaintiff Nicole McClure was driving home from work when she experienced a medical emergency.

7.      She encountered Washington State Patrol Trooper Jonathan Barnes.

8.      Trooper Barnes observed Plaintiff's vehicle traveling "at a noticeably slow rate of speed".  He approached the vehicle with lights and sirens.  When the vehicle continued to travel slowly west bound, Trooper Barnes deactivated his lights and sirens and called for backup.

9.      Plaintiff McClure's vehicle collided with the center of the roundabout at the 22nd Ave traffic circle in Olympia, Washington.

**COMPLAINT FOR DAMAGES- 3**

10.     The impact disabled Plaintiff's vehicle.

11.     Plaintiff McClure communicated to Troopers that she had left work early because she was feeling very dizzy and did not know what was going on.

12.     Troopers arrested Plaintiff at gun point.

13.     Troopers forcibly handcuffed Plaintiff.

14.     Troopers did not administer a breathalyzer or roadside sobriety test.

15.     Troopers observed that Plaintiff's eyes were notably bloodshot and her speech was repetitive and slurred.

16.     Troopers observed that Plaintiff's behavior was erratic and she had difficulty following very simple instructions.

17.     Troopers observed that Plaintiff's eyelids were tremoring.

18.     Trooper Barnes transported Plaintiff to Capital Medical Center where her blood was drawn.  Trooper Barnes did not inform Capital Medical Center that Plaintiff was in an automobile accident, or otherwise make efforts to get her medically checked for a closed-head injury or other injuries resulting from her collision, or medical emergency.

19.     Trooper Barnes then transported Plaintiff to Thurston County Jail on charges of DUI and Felony Eluding.

20.     Plaintiff was booked into the Thurston County Jail in the early morning hours of March 21, 2022.  Over the next 24 hours, Jail staff made fun of Plaintiff and ridiculed her for being a drunk.  Jail staff offered Plaintiff "another shot" but did not get

COMPLAINT FOR DAMAGES- 4

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

her the basic medical care she desperately needed, or even attempt to complete the booking process.

21.     Plaintiff was left unattended and unchecked through the 21st of March and into the morning of March 22nd, 2022, when she was found unresponsive in a pool of her own urine.

22.     On March 22, 2022 Plaintiff was transported to the Emergency Department at Providence Regional Medical Center where she was assessed and found to be suffering from an intraparenchymal hemorrhage with edema and midline shift likely emanating from cerebral venous thrombosis.

23.     Plaintiff's medical team took expeditious action to save her life and her brain.

24.     It is now clear that Plaintiff McClure suffered a massive brain hemorrhage..

25.     The delay in treatment of her hemorrhage resulted in sunken brain syndrome, a cranioplasty, and a life time of decreased capacity.

26.     It has been 18 months since Plaintiff's arrest and detention.  She continues to suffer from hemorrhage symptoms, a significant brain injury, and is not able to work.

## CLAIMS

### *Federal Claims*

27.     Plaintiff asserts all available claims under 42 U.S.C. § 1983 for the deprivation of her constitutional rights under the Eighth Amendment to the United States Constitution.

**COMPLAINT FOR DAMAGES- 5**

**Dubin Law Group**
**P.O. Box 30947**
**Seattle, Washington 98113**
**(206) 800-8000 Fax: (206) 973-1783**

28.     Plaintiff asserts all available claims under 42 U.S.C. § 1983 for the deprivation of her constitutional rights under the Fourteenth Amendment to the United States Constitution.

### *Washington State Claims*

29.     Plaintiff asserts the claim of negligence.  <u>Duty</u>:  Both the Defendant[s] Washington State Patrol and Thurston County Jail, through common law, statute, regulation and/or ordinance, owed Plaintiff duties to treat her with reasonable care. Both Defendant[s] had a further duty to act with reasonable care in the hiring, training, and/or retention of its employees.  <u>Breach</u>:  Defendant[s] breached their duties as set forth above. <u>Proximate Cause</u>:  As a direct and proximate cause of Defendant['s'] breach of their duties as set forth above, Plaintiff has suffered substantial and permanent personal injuries.  <u>Vicarious Liability:</u>  At the time of the incidents alleged herein, all employees were acting within the scope of their duties as employees.  Defendant[s] Washington State Patrol and Thurston County Jail are liable for damages caused by their employees.

30.     Plaintiff asserts the claim of gross negligence.  <u>Duty:</u>  The Defendant Thurston County Jail has a constitutional and statutory duty to ensure that people booked into jail are checked for serious medical needs, and if in distress, treated regardless of their ability to pay.  RCW 72.10.020 and RCW 70.48.130.  <u>Breach</u>:  Defendant[s] breached their duties as set forth in paragraphs 7-21.  <u>Proximate Cause</u>:  As a direct and proximate cause of Defendant['s'] breach of their duties as set forth above, Plaintiff has

**COMPLAINT FOR DAMAGES- 6**

suffered substantial and permanent personal injuries.  <u>Vicarious Liability:</u>  At the time of the incidents alleged herein, all employees were acting within the scope of their duties as employees.  Defendant[s] Washington State Patrol and Thurston County Jail are liable for damages caused by their employees.

### DAMAGES

31.     Damages have been suffered by plaintiff.  These include damages for pain and suffering, loss of enjoyment of life, economic damages (including but not limited to medical expenses, lost wages, and other claims for economic damages), and past and future disability, and permanency of injury.  To the extent any state law limitations on such damages are purported to exist, they are inconsistent with the compensatory, remedial, and/or punitive purposes of 42 U.S.C. § 1983, and any such alleged state law limitations must be disregarded in favor of permitting an award of the damages prayed for herein.

### JURY DEMAND

32.     Plaintiffs demand that this matter be tried by a jury.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the Court award:

A. Compensatory damages in an amount to be proven at trial, sufficient to compensate plaintiff for all damages under federal law including, but not

**COMPLAINT FOR DAMAGES- 7**

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

limited to, damages for pain and suffering, damages for loss of enjoyment of life, and economic damages;

B. Punitive damages under federal law in an amount to be proven at trial;

C. Special damages under state law for Plaintiff in such amounts as are proven at trial;

D. General damages under state law for Plaintiff in such amounts as are proven at trial;

E. A declaration that the acts of the defendants violated the United States Constitution and an award of nominal damages for any such violations as deemed appropriate;

F. Attorneys fees, costs, and prejudgment interest incurred in pursuing this action as provided for in 42 U.S.C. § 1988; and

G. Any such other and further relief as the court deems just, equitable under the circumstances of this case.

DATED this 31st day of January 2024.

Dubin Law Group

_____
Anne Vankirk, WSBA #47321
Joshua M. Joerres, WSBA #32716
Falin McKenzie, WSBA #56067
Attorneys for Plaintiff McClure

COMPLAINT FOR DAMAGES- 8

**Dubin Law Group**
**P.O. Box 30947**
**Seattle, Washington 98113**
**(206) 800-8000 Fax: (206) 973-1783**