UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICOLE MCCLURE, | CASE NO. C24-5088 BHS |
| Plaintiff, | ORDER |
| v. | |
| THURSTON COUNTY, et al., | |
| Defendant. | |

THIS MATTER is before the Court on defendant Washington State Patrol (WSP)'s motion to dismiss, Dkt. 17, and on plaintiff Nicole McClure's motion to dismiss, Dkt. 18. McClure sued WSP, Thurston County, and an unidentified medical services company alleging she was wrongfully detained for driving under the influence when she was in fact having a medical emergency. Dkt. 1. She appears to assert a 42 U.S.C. 1983 claim against WSP for violating her Eighth and Fourteenth Amendment rights. She did not name any "person" as a defendant.

ORDER - 1

1   The pending motions are unusual. WSP answered, Dkt. 15, before it moved to
2   dismiss for failure to state a claim,[1] Dkt. 17.  Its motion asserts, correctly, that WSP is not
3   a "person" under § 1983, and any § 1983 claim against it is not plausible.

4   In response,[2] McClure filed her own motion to voluntarily dismiss the case
5   without prejudice under Fed. R. Civ. P. 41(a)(2). Dkt. 18. WSP does not oppose the
6   dismissal of her lawsuit without prejudice, but asks the Court to impose as a condition of
7   such dismissal an order precluding her from re-asserting a § 1983 claims against WSP in
8   any future filing. Dkt. 22 at 1 (citing Rule 41(a)(2) ("an action may be dismissed at the
9   plaintiff's request only by court order, *on terms that the court considers proper*.")).
10  McClure agrees with this condition. Dkt. 23.

11  McClure's motion to voluntarily dismiss this case without prejudice is
12  **GRANTED**. Any future case shall not include a 42 U.S.C. § 1983 claim against the
13  Washington State Patrol as an entity. WSP's motion to dismiss, Dkt. 17, is **DENIED** as
14  moot. The case is **DISMISSED** without prejudice. The clerk shall close the case, without
15  a judgment.

16  **IT IS SO ORDERED**.

17  \\\

18  \\

---

[1] WSP's Answer, but not its motion to dismiss, precludes McClure from dismissing by notice under Rule 41(a)(1)(A)(i). That Answer also makes WSP's Rule 12(b)(6) motion to dismiss improper, as it must be filed before a responsive pleading. Rule 12(b). In any event, the parties essentially agree on the outcome of the competing motions.

[2] McClure also responded to WSP's motion, Dkt. 19, asserting that she did not intend to assert a § 1983 claim against WSP as an entity.

1 \\

2 Dated this 10th day of April, 2024.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3